ALAN H. BOON, (SBN 110253)
aboon@bergerkahn.com
BERGER KAHN
A Law Corporation
Mail Service:
  Post Office Box 19694
  Irvine, CA 92623-9694
Location:
  2 Park Plaza, Suite 650
  Irvine, California 92614-8516
Tel: (949) 474-1880 • Fax: (949) 474-7265

DANIEL P. ALBERS, ESQ.
MARK A. HAGEDORN, ESQ.
JOAN L. LONG, ESQ.
(admitted *pro hac vice*)
jlong@btlaw.com
BARNES & THORNBURG LLP
One North Wacker Drive, Suite 4400
Chicago, IL 60606
Tel: (312) 214-4576 • Fax: (312) 759-5646

Attorneys for Defendant
WAHL CLIPPER CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| KIM LAUBE & COMPANY, INC., a California Corporation; KIM LAUBE, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WAHL CLIPPER CORP.,<br><br>Defendants. | CASE NO. CV09-00914 ODW (JCx)<br><br>**NOTICE OF DEFENDANT WAHL CLIPPER CORPORATION'S MOTION TO STAY LITIGATION PENDING USPTO REEXAMINATION; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS**<br><br>DATE: January 25, 2010<br>TIME: 1:30 p.m.<br>COURTROOM: 11<br>JUDGE: Otis D. Wright II<br><br>Trial Date: None Set |

1

TO PLAINTIFFS KIM LAUBE & COMPANY, INC., A CALIFORNIA CORPORATION, KIM LAUBE, AN INDIVIDUAL, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2010, at 1:30 p.m. in Courtroom 11 of the above court, located at 312 North Spring Street, #G-8, Los Angeles, CA 90012, defendant Wahl Clipper Corp. will, and hereby does move for an order staying all proceedings in this case pending the United States Patent and Trademark Office's reexamination of U.S. Patent 6,473,973 ("the '973 Patent"). Wahl Clipper Corp. filed its request for reexamination of the '973 Patent on December 9, 2009. A stay of all proceedings in this case is appropriate to allow the United States Patent and Trademark Office to exercise its specialized expertise in considering the validity of the patent that is at the heart of this case.

This motion is made and based on this notice of motion, and the accompanying Memorandum of Points and Authorities and Exhibits. Absent a stay, there is a very real risk that the parties and the court will expend substantial resources and costs in litigating a case with respect to patent claims that the United States Patent and Trademark Office later disallow.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 8, 2009.

DATED: December 28, 2009

BERGER KAHN
A Law Corporation

By: /s/ *signature*
ALAN H. BOON, ESQ.
One of the Attorneys for Defendant
WAHL CLIPPER CORPORATION

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 5

I. INTRODUCTION ............................................................................................. 5

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................... 6

III. ARGUMENT .................................................................................................... 7

    A. The Applicable Standard for Granting Stays Pending a Patent Reexamination ......................................................................................... 7

    B. A Stay Should Be Granted Because All Three Factors Weigh In Favor Of Staying The Case Pending The Outcome Of The Patent Reexamination. ............................................................................ 9

        1. No Discovery Has Been Conducted, No Trial Date Has Been Set, And The Plaintiffs Only Recently Filed Their Second Amended Complaint, So The Early Stage Of The Litigation Weighs In Favor Of Granting A Stay. ....................... 9

        2. Plaintiffs Will Not Suffer Any Undue Prejudice If The Court Grants A Stay Because This Case Is Still In Its Initial Stages And Defendants Promptly Brought This Motion Upon Receiving And Reviewing Plaintiffs' SAC ....... 10

        3. A Stay Of This Entire Lawsuit Will Simplify The Issues In The Case, Streamline The Trial, And Reduce The Burden Of Litigation For The Parties And The Court. ............. 12

    C. A Stay Should Be Granted Because Resolution Of The Patent Claim In The PTO May Eliminate The Grounds For Jurisdiction In This Court, Leaving Only State Law Claims To Be Litigated. ............................................................................................... 14

IV. CONCLUSION ............................................................................................... 15

# TABLE OF AUTHORITIES

Page

## Cases

*ASCII Corp. v. STD Entertainment USA*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994) .................................................................................................... 7, 9, 10

*Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002) ............................................................................................................ 7, 8

*Dataquill Ltd. v. High Tech Computer Corp.*, Case No. 08CV543-IEG-LSP, 2009 U.S. Dist. LEXIS 42178, at *5 (S.D. Cal. May 14, 2009 .............................. 10

*Guthy-Renker Fitness, LLC v. Icon Health and Fitness, Inc.*, CV 97-7691 LGB (Ex), 1998 U.S. Dist. LEXIS 16553, at *4 (C.D. Cal. July 15, 1998). 7, 10, 13

*IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005) ... 8, 12

*KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 U.S. Dist. LEXIS 15754, at *4 (N.D. Cal. March 16, 2006) ........................ 7, 8, 10, 12, 13

*Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*, No. C. 06-7336 PJH, 2009 U.S. Dist. Lexis 8564, at *5-6 (N.D. Cal. Feb. 5, 2009) ..................................... 5, 12

*Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006 ................................................................................................................. 9

*Yodlee, Inc. v. Ablaise Ltd.*, Case No. C-06-07222 SBA, 2009 U.S. Dist. LEXIS 5429, at *6 (N.D. Cal. Jan. 15, 2009) ........................................... 7, 9, 11, 14

## Statutes

28 U.S.C. §1331 .................................................................................................. 13, 14

28 U.S.C. §1338 .................................................................................................. 13, 14

28 U.S.C. §1367(a) ............................................................................................. 13, 14

28 U.S.C. §1367(c)(4) ............................................................................................... 14

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Wahl Clipper ("Wahl Clipper") respectfully requests that this Court stay all proceedings in this case filed by Plaintiffs Kim Laube & Company, Inc. ("KLC") and Kim Laube ("Laube") in view of the pending inter partes reexamination by the United States Patent and Trademark Office ("PTO") of the only patent at issue, U.S. Patent 6,473,973 (the "'973 patent"). A Request for Reexamination (the "Reexamination") of the '973 patent was filed in the PTO on December 9, 2009. The Request is attached as Exhibit A. Reexamination is sought on the basis of substantial prior art not considered by the PTO during examination, and a grant of the request is expected before March 9, 2009. A stay is appropriate to allow the PTO to exercise its specialized expertise in considering the validity of the patent that is at the heart of this case. Absent a stay, there is the very "real risk" that "the parties and the court would expend substantial resources and costs in litigating [a] case through trial with respect to claims that the PTO later finds disallowed." *E.g., Speedtrack, Inc. v. Wal-Mart.Com USA, LLC*, No. C. 06-7336 PJH, 2009 U.S. Dist. Lexis 8564, at *5-6 (N.D. Cal. Feb. 5, 2009) (Exhibit B). Even if the 973 patent is not invalidated entirely, there is a high likelihood that the results of the inter partes Reexamination will simplify and clarify the claims in the present litigation.

A stay is also appropriate because this case is at the earliest stages. Plaintiffs have only recently filed their Second Amended Complaint ("SAC"). Wahl Clipper has not yet filed a responsive pleading, no discovery has been conducted, and a trial date has not been set. Given the early stage of the litigation, a stay pending a reexamination will conserve judicial and party resources, properly shift the patent validity issues to the PTO, and simplify the patent issues, if not eliminate them altogether—which will affect every claim in the SAC. Considering all of these factors, a stay will spare this Court and the parties from substantial expenditures of

time and expense that may well prove unnecessary.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 17, 1998, the Parties entered into a Stock Purchase Agreement, under which Wahl Clipper acquired a 75% interest in KLC from stock purchased from KLC and Laube (SAC ¶ 9.) On January 8, 2002, KLC filed Patent Application 10/042,547 with the United States Patent and Trademark Office. (*Id.* ¶ 11, Ex. A.) On November 5, 2002, that application issued as the '973 patent, the only patent asserted in this litigation. (*Id.* ¶ 12.) This entire process -- from the filing of the application until the issuance of the patent -- occurred during the Wahl ownership period. (*Id.* ¶¶ 9, 11-12.)

In 2002, Laube, KLC, and Wahl Clipper entered into a Stock Transfer Agreement (the "Transfer Agreement") under which Wahl Clipper transferred its entire ownership interest in KLC to Laube. (*Id.*, Ex. B at 1.) Pursuant to the Transfer Agreement all rights in the '973 patent are owned by Plaintiff.

On February 6, 2009, Plaintiffs instituted this lawsuit by filing a complaint against Wahl Clipper, Gregory Wahl, and ten unidentified "Does." Plaintiffs have since amended their complaint twice. As a result, Plaintiffs filed their SAC with this Court less than two months ago, on October 16, 2009.

The SAC recites factual background regarding the prior relationship of the parties and facts about the claim of patent infringement. The other three additional claims, Misappropriation of Trade Secrets, Breach of Contract, and Fraud and Deceit, all include or incorporate allegations regarding the '973 patent. Once Defendants reviewed the clarified claims of the SAC and began to review the asserted '973 patent, they uncovered a wealth of prior art that Defendants contend will invalidate the '973 patent. On December 9, 2009, in response to the newly-discovered prior art, Defendants filed a Request for Reexamination of the '973 with the PTO. On December 7, 2009, Defendant advised Plaintiffs of its intent to file a Request for Reexamination and requested a meet and confer conference

regarding its intent to file a motion to stay. Defendant Wahl Clipper now moves to stay this litigation pending the patent reexamination. Defendant Wahl Clipper has not filed a responsive pleading to Plaintiffs' SAC. Neither party has conducted any discovery.

### III. ARGUMENT

#### A. The Applicable Standard for Granting Stays Pending a Patent Reexamination

A district court possesses the inherent power to control its docket, which includes the power to stay proceedings pending the outcome of reexamination. *Guthy-Renker Fitness, LLC v. Icon Health and Fitness, Inc.*, CV 97-7691 LGB (Ex), 1998 U.S. Dist. LEXIS 16553, at *4 (C.D. Cal. July 15, 1998) (Exhibit C). The decision to stay pending a reexamination is "soundly within the Court's discretion." *KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 U.S. Dist. LEXIS 15754, at *4 (N.D. Cal. March 16, 2006) (Exhibit D). In exercising this discretion, courts have consistently relied on the "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination. . . ." E.g., *ASCII Corp. v. STD Entertainment USA*, 844 F.Supp. 1378, 1381 (N.D. Cal. 1994).

Indeed, when exercising this liberal policy, courts frequently note that "'Congress instituted the reexamination process to shift the burden of reexamination of patent validity from the courts to the PTO.'" *Yodlee, Inc. v. Ablaise Ltd.*, Case No. C-06-07222 SBA, 2009 U.S. Dist. LEXIS 5429, at *6 (N.D. Cal. Jan. 15, 2009) (Exhibit E) (quoting *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 78 (D.D.C. 2002)). This congressional purpose for providing the reexamination process is clearly evidenced in the legislative history surrounding the bill which became the reexamination statute. H.R. Rep. No. 1307 Part I, 96th Cong., 2d Sess. 4 (1980).

> The bill does not provide for a stay of court proceedings. It is believed by the committee that stay provisions are unnecessary in that such power already resides with the Court to prevent costly pretrial maneuvering which attempts to circumvent the reexamination procedure. It is anticipated that these measures [for reexamination] provide a useful and necessary *alternative* for challengers and for patent owners to test the validity of the United States patents in *an efficient and relatively inexpensive manner*.

*Id.* (emphasis added).

As a result, when determining whether to grant or deny a stay pending the reexamination of a patent, "courts are cognizant of Congress's intention of utilizing the PTO's specialized expertise to reduce costly and timely litigation." *Canady*, 271 F. Supp. 2d at 78 (citing H.R. Rep. No. 1307, 96th Cong., 2d Sess., pt. 7 at 4 (1980).

In addition to the Congressional intent and policy favoring stays, three factors are also central to a court's determination of whether to stay litigation pending a patent reexamination. *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754, at *4-5. The factors are: "1) the stage of the litigation, including whether discovery is or will be almost completed and whether the matter has been marked for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court." *Id.*; *see also IMAX Corp. v. In-Three, Inc.*, 385 F. Supp. 2d 1030, 1032 (C.D. Cal. 2005).

### B. A Stay Should Be Granted Because All Three Factors Weigh In Favor Of Staying The Case Pending The Outcome Of The Patent Reexamination.

This case should be stayed pending the reexamination of patent '973 - the patent that is central to all four claims in this suit. This case is in the early stages of the litigation, a stay will not cause Plaintiffs any prejudice or tactically disadvantage them, and a stay will simplify the issues in question, streamline any trial, and reduce the burden of litigation on the parties and the Court.

#### 1. No Discovery Has Been Conducted, No Trial Date Has Been Set, And The Plaintiffs Only Recently Filed Their Second Amended Complaint, So The Early Stage Of The Litigation Weighs In Favor Of Granting A Stay.

In examining whether the stage of litigation weighs in favor of granting a stay, courts primarily focus on whether "discovery is complete and whether a trial date has been set." *Yodlee*, 2009 U.S. Dist. LEXIS 5429, at *8. The liberal policy of granting stays pending the outcome of reexamination is especially strong "in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Id.* at *8-9 (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006) (quoting *ASCII*, 844 F. Supp. at 1381 (N.D. Cal. 1994)). Nevertheless, this liberal policy has also led courts to grant stays "well beyond discovery's completion, well into litigation, and very close to trial." *Yodlee*, 2009 U.S. Dist. LEXIS 5429, at *9.

Further, the length of a case's docket does not necessarily indicate that the case is beyond its initial stages. *Id.* at *11-12 (finding that case was still in its "early stage" despite 138 docket entries because none of those entries pertained to the "substance" of the suit). Ultimately, "motion practice is not automatically equated with progress in the litigation, and . . . does not negate the fact that there have been no depositions, no documents exchanged, and [minimal discovery]." *Id.*;

9

see also *Guthy-Renker Fitness*, 1998 U.S. Dist. LEXIS 16553, at *5-7 (nine months after the Complaint was filed the case was still in its "incipient stages" although there had been various motions regarding venue).

This case remains in its preliminary stages. Defendant Wahl Clipper has not yet filed a responsive pleading, no discovery has been conducted, and a trial date has not been set. The only motion practice in this case was related to Defendant Wahl Clipper's Motion to Disqualify Plaintiff's Counsel, that did not address any dispositive issues in this matter. The current complaint was filed on October 16, 2009, only two months ago. Thus, this litigation has barely progressed since the filing of the lawsuit - "the action is in its infancy." *Dataquill Ltd. v. High Tech Computer Corp.*, Case No. 08CV543-IEG-LSP, 2009 U.S. Dist. LEXIS 42178, at *5 (S.D. Cal. May 14, 2009) (Exhibit F) (finding that the first factor weighed in favor of a stay when discovery had not commenced and the court had delayed setting the case management conference). The early stage of this litigation weighs strongly in favor of the Court granting Defendant's Motion to Stay.

### 2. Plaintiffs Will Not Suffer Any Undue Prejudice If The Court Grants A Stay Because This Case Is Still In Its Initial Stages And Defendants Promptly Brought This Motion Upon Receiving And Reviewing Plaintiffs' SAC.

In determining whether to grant a stay, Courts also consider whether the nonmoving party will suffer "any resulting undue prejudice." *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754 at *6. When the parties are in "the initial stages of the lawsuit . . . have undertaken little or no discovery . . . [and] the case has not been set for trial, nor have the parties agreed to go forward with the lawsuit," courts have found that a stay will not prejudice the nonmoving party. *ASCII*, 844 F.Supp. at 1381. Further, a stay will not cause a party prejudice when that party has not invested substantial expenses and time in litigation, and "the delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *KLA-*

*Tencor*, 2006 U.S. Dist. LEXIS 15754 at *7. Finally, pursuant to this second factor, a court will also consider whether the defendant unduly delayed in bringing the motion. *Methode Elecs., Inc. v. Infineon Techs. Corp.*, NO. C 99-21142 JW, 2000 U.S. Dist. LEXIS 20689, at *7 (N.D. Cal. Aug. 7, 2000) (Exhibit G). Nevertheless, when reexamination is sought at an early stage of the litigation as opposed to "on the eve of trial or after protracted discovery," there is no evidence of dilatory tactics on the part of the movant. *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754, at *8.

      As previously discussed, this litigation has barely progressed since the filing of the lawsuit, and the case is still in its preliminary stages. Defendant Wahl Clipper has not yet filed a responsive pleading, no discovery has been conducted, and a trial date has not been set. The SAC was filed on October 16, 2009, less than two months ago. Once Plaintiffs amended their complaint, Defendants immediately evaluated the allegations surrounding the '973 patent and promptly drafted the Request for Reexamination on the basis of prior art not considered by PTO during examination. Further, Defendant advised Plaintiffs of its intent to file the Request for Reexamination, and immediately after it was filed, Defendant Wahl Clipper prepared this Motion in order to stay this litigation and minimize the further expenditure of time and expense by both parties and this Court. Defendant has not brought this Motion on the eve of trial or after protracted discovery. Rather, Defendant is timely seeking this stay in order to "utilize the PTO's specialized expertise to reduce costly and time-consuming litigation." *Yodlee*, 2009 U.S. Dist. LEXIS 5429, at *6. Because the case is in its preliminary stages and Defendant Wahl Clipper promptly sought reexamination of the '973 patent, and then immediately filed this Motion to Stay, Plaintiffs will not suffer any undue prejudice if this litigation is stayed. Factor two also weighs in favor of granting a stay.

### 3. A Stay Of This Entire Lawsuit Will Simplify The Issues In The Case, Streamline The Trial, And Reduce The Burden Of Litigation For The Parties And The Court.

A stay is warranted pending reexamination where issues regarding a patent "may be narrowed or amended as a result of the PTO's decision." *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *8. In evaluating this third and final factor, courts ultimately evaluate whether "a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources, of both the parties and the Court." *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754, at *12. See also *Speedtrack*, 2009 U.S. Dist. Lexis 8564, at *5-6 (granting stay where there was a "real risk that were a stay not granted, the parties and the Court would expend substantial resources and costs in litigating [a] case through trial with respect to claims that the PTO later finds disallowed").

Further, when a suit contains additional claims that have overlapping issues with the patent subject to reexamination, a court may properly stay the entire action. *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *8 (staying entire action where only one patent at issue in the case was reexamined where there were "overlapping issues" with the other patent claims in the case). When evaluating whether to stay an entire action, a court should consider "whether there would remain, after the PTO reexamination, issues 'completely unrelated to patent infringement' for which a stay would not reduce the burden of litigation on both the parties and the court." *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754, at *12 (citing *IMAX*, 385 F. Supp. 2d at 1033).

Here, staying the entire case pending the reexamination of the '973 patent will simplify and streamline this litigation. The lynchpin of all of Plaintiffs' claims is its infringement claim regarding the '973 patent. (SAC ¶¶ 12, 16-24, 37, 42-43.) In fact, Plaintiffs' breach of contract is specifically and expressly based solely on the "infringing activities" described in the patent infringement count. (*Id.* ¶ 37.) In

12

addition, Plaintiffs' fraud and deceit claim is premised upon a theory that Defendants induced Plaintiffs to enter into the contract with a "secret intention" to breach that contract in the future. (*Id.* ¶¶ 42-43.) As described above, the breach of contract count entirely overlaps the patent infringement claim because Plaintiffs' allegations of breach rely solely on the assertion of infringement. (*Id.* ¶ 37.) Finally, Plaintiffs' misappropriation of trade secrets claim incorporates all of the allegations regarding the '973 patent and only includes additional vague allegations regarding "proprietary inventions and ideas." (*Id.* ¶ 28.) As such, Plaintiff also relies on the patent infringement allegations in asserting that claim.

The '973 patent is the cornerstone of this litigation and the remainder of the SAC is premised on the validity of the asserted patent. Plaintiffs' additional state law claims overlap and are intertwined with the '973 patent allegations. As numerous courts have noted, patent claims will "likely be amended or narrowed during reexamination." *Guthy-Renker*, 1998 U.S. Dist. LEXIS 16553, at *6. See also *KLA-Tencor*, 2006 U.S. Dist. LEXIS 15754, at *9-10 (Statistics regarding PTO reexaminations suggest that there is a "substantial probability a reexamination will have a major impact on the issues to be resolved in the litigation [of the patent claim].") (internal quotation marks and citation omitted). Therefore, this Court should stay this litigation pending the Reexamination of patent '973 because the PTO's expertise and evaluation of the key issue, the validity of the patent in this case, will likely streamline, if not eliminate, all of issues of presented in the SAC Finally, Plaintiffs brought this suit in federal court based solely on federal question jurisdiction pursuant to 28 U.S.C. §1331 and the federal courts' original jurisdiction over patent claims pursuant to 28 U.S.C. §1338. (SAC ¶ 1.) The state law claims in this action are supplemental to the patent infringement claim. Although 28 U.S.C. §1367(a) authorizes federal courts to exercise supplemental jurisdiction over state law claims, the statute does not require federal courts to do so. Specifically, the statute sets forth situations where a federal court can decline

to exercise supplemental jurisdiction, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(4). The resolution of the patent claim in the PTO may eliminate the patent claim altogether and, thus, the grounds for jurisdiction in this Court. Thus, if the patent infringement claim is resolved by the PTO's reexamination, the Court may choose not to exercise its supplemental jurisdiction over the additional state claims which would involve interpreting and applying state law precedent. This possibility further supports a stay of this litigation pending reexamination and save both the Court and the parties time and expense. *Yodlee*, 2009 U.S. Dist. LEXIS 5429, at *6. (granting stay and describing "Congress's intent to utilize the PTO's specialized expertise to reduce costly and time-consuming litigation").

### C. A Stay Should Be Granted Because Resolution Of The Patent Claim In The PTO May Eliminate The Grounds For Jurisdiction In This Court, Leaving Only State Law Claims To Be Litigated.

Finally, Plaintiffs brought this suit in federal court based solely on federal question jurisdiction pursuant to 28 U.S.C. §1331 and the federal courts' original jurisdiction over patent claims pursuant to 28 U.S.C. §1338. (SAC ¶ 1.) The state law claims in this action are supplemental to the patent infringement claim. Although 28 U.S.C. §1367(a) authorizes federal courts to exercise supplemental jurisdiction over state law claims, the statute does not require federal courts to do so. Specifically, the statute sets forth situations where a federal court can decline to exercise supplemental jurisdiction, including where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(4). The resolution of the patent claim in the PTO may eliminate the patent claim altogether and, thus, the grounds for jurisdiction in this Court. Thus, if the patent infringement claim is resolved by the PTO's reexamination, the Court may choose not to exercise its supplemental jurisdiction over the additional state claims which would involve interpreting and applying state law precedent. This

1 possibility further supports a stay of this litigation pending reexamination.

## IV.   CONCLUSION

For the foregoing reasons, Wahl Clipper respectfully requests that this Court grant its Motion to Stay Litigation Pending the USPTO Reexamination Proceeding.

DATED: December 28, 2009

BERGER KAHN
A Law Corporation

By: _____
ALAN H. BOON, ESQ.
One of the Attorneys for Defendant
WAHL CLIPPER CORPORATION