UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIM LAUBE & COMPANY, INC., a California corporation; and KIM LAUBE, an individual,<br><br>    Plaintiffs,<br><br> v.<br><br>WAHL CLIPPER CORPORATION, an Illinois corporation, DOES 1-10, Inclusive,<br><br>    Defendants. | Case No. 2:09-cv-00914 JAK (JCx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT IN BOLD]** |
| AND RELATED COUNTERCLAIM | |

As set forth in the Joint Stipulation Re Protective Ordered entered into by and between the parties on May 24, 2012 (Dkt. No. 145), the parties stipulate and request that the Court enter the following protective order **which the Court has modified in certain respects**:

## STIPULATED PROTECTIVE ORDER

Because discovery in this matter may involve confidential information, and the parties having agreed that a protective order is necessary to maintain the confidentiality of such information, IT IS HEREBY ORDERED that this Protective Order is entered subject to the following terms:

### 1. Proceedings and Form of Information Governed

a. This Protective Order shall govern the use, handling and disclosure of all Discovery Material including, but not limited to, documents and tangible things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, and other written, recorded, electronic or graphic information, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, or portions thereof, or any other form of evidence or discovery contemplated by the Federal Rules of Civil Procedure that is produced by any party or non-party in this action (hereinafter "Producing Person").  A Producing Person, including the parties to this action and non-parties, may designate, as appropriate, Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order.

b. All Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all copies, extracts, compilations, summaries, and information derived therefrom, ("Designated Material") shall be handled in strict compliance with the terms of this Order; shall be used by the parties to this action solely in connection with this action or any appeal therefrom, and not for any other purpose except as required by law or as the Producing Person may otherwise direct.

**2.   Definitions**

   a.   "Party" means a named party in this case. "Person" means an individual or an entity. "Producing Person" or "Producer" means a person who produces information via the discovery process in this case. "Receiving Person" or "Recipient" means a person who receives information via the discovery process in this case.

   b.   "Confidential" information is information concerning a person's business operations, processes, and technical and development information within the scope of Rule 26(c)(1)(G), the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   c.   "Highly Confidential" information is information within the scope of Rule 26(c)(1)(G) that is current or future business or technical trade secrets and plans more sensitive or strategic than Confidential information, the disclosure of which is likely to significantly harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third person or to a Court.

   d.   Information is not Confidential or Highly Confidential if it is disclosed in a printed publication, is known to the public, was known to the Recipient without obligation of confidentiality before the producer disclosed it, or is or becomes known to the recipient by means not constituting a breach of this Order. Information is likewise not Confidential or Highly Confidential if a person lawfully obtained it independently of this litigation.

   e.   This Protective Order includes not only those items or things that are expressly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto.

3.      **Designation of Confidential Information**

      a.      A person's designation of information produced in this action as Confidential or Highly Confidential means that the person believes in good faith, upon reasonable inquiry, that the information qualifies as such.

      b.      The existence of this Protective Order shall be disclosed to any person producing documents or tangible things, or testimony, in this action who may reasonably be expected to desire confidential treatment for such documents or tangible things, or testimony.  Any such person, or any party, may designate appropriate documents or tangible things, or testimony, produced by such person as CONFIDENTIAL or HIGHLY CONFIDENTIAL (referred to as "designated confidential information").

      c.      Any confidential designation shall be made at the following times:

          i.      for documents and tangible things, at the time of the production of the documents or things for inspection pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure.  If a producing person or party elects to produce documents and tangible things for inspection pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure, then no designation need be made prior to the inspection, and all such documents and tangible things shall be considered confidential until such time as copies of such documents or things are produced to the receiving party and are not so designated;

          ii.     for written responses to interrogatories or requests for admissions, at the time of the written response;

          iii.    for declarations and pleadings, at the time of the filing of such declaration or pleading; and

          iv.     for deposition testimony, at the time of the deposition or immediately thereafter on the record, or in writing within thirty (30) days after receipt by the designating party of the transcript of the deposition.

      d.      Confidential designations shall be made in the following manner:

       i.    for documents, by placing a legend on each page of each such document prominently marking it as CONFIDENTIAL or HIGHLY CONFIDENTIAL;

      ii.    for tangible objects, by placing a label or tag on the object or the container therefore stating CONFIDENTIAL or HIGHLY CONFIDENTIAL or, if not practicable, as otherwise agreed:

      iii.    for written responses to interrogatories or requests for admissions, by prominently marking it as CONFIDENTIAL or HIGHLY CONFIDENTIAL on the face of any such responses;

      iv.    for declarations or pleadings, by prominently marking it as CONFIDENTIAL or HIGHLY CONFIDENTIAL on the face of any such declaration or pleading;

      v.    for depositions, following the procedure set forth in Paragraph 7 or in writing within thirty (30) days after receipt by the designating party of the transcript of the deposition; and

      vi.    for material produced in electronic format, by placing a label on the CD or other media containing the material, and/or by placing a legend on each page of any documents produced in electronic format stating CONFIDENTIAL or HIGHLY CONFIDENTIAL.

e.    It shall be the duty of the party or person seeking confidential protection to identify those materials and testimony that are to be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL to the receiving party.

f.    Each party retains the right subsequently to redesignate documents and to require such redesignated documents to be treated in accord with such redesignation from the time the receiving party is notified in writing of the redesignation. If, at any time, a party changes the designation of information or documents, each party, individual, or entity who has received a copy of the information or documents bearing

the original designation, shall either destroy or return all such original copies, or alter the copies to properly reflect the new designation.

g. The inadvertent or unintentional disclosure of Confidential Information by the designating party or person, regardless of whether the information was designated CONFIDENTIAL or HIGHLY CONFIDENTIAL at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating party's or person's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or a related subject.

h. A Producing Person who inadvertently fails to mark designated confidential information as set forth in this order shall have then (10) calendar days from the discovery of such oversight to correct the omission, which must be made in writing and accompanied or promptly followed by substitute copies of appropriately marked designated confidential information. The receiving party or parties shall treat such designated confidential information according to its designation from the time that such notice is actually received, and shall return or destroy the previously unmarked or mis-marked materials within ten (10) business days of receipt of the substitute copies. Disclosure of such designated confidential information to persons not authorized to receive it prior to receipt of such notice shall not be deemed a violation of this Order, and the receiving party and the other persons who receive such designated confidential information pursuant to the provisions of this Order shall incur no liability for uses and disclosures made prior to receipt of such notice. However, those persons to whom inadvertent disclosure was made shall be advised promptly, in writing, that the disclosed material is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and must be treated in accordance with this Protective Order.

**4.     Use of Designated Confidential Information**

a. Information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be used only for purposes of preparation, trial, and appeal of this action, and may not be used for any other litigation or business, commercial,

1  competitive, personal, or other purpose whatsoever.  Such designated confidential
2  information shall be held in confidence by each person to whom it is disclosed, and may
3  not be disclosed to any person or entity, except as permitted by this Protective Order.
4  All designated confidential information shall be carefully maintained by the receiving
5  party in secure facilities and access to such designated confidential information shall be
6  permitted only to persons having access thereto under the terms of this Protective Order.
7      b.    Any person having access to material or information designated
8  confidential under this Protective Order, including consultants and experts, shall not
9  make copies, extracts, summaries, or descriptions of the material or information or any
10 portion thereof, except as convenient or necessary for the preparation and trial of this
11 litigation.
12     c.    Any non-party from which or from whom discovery is sought shall have
13 the same rights and be subject to the same obligations under this Protective Order as a
14 party **so long as such party has received a copy of or otherwise has notice of the**
15 **terms of this Protective Order.**  The parties and their agents will treat confidential
16 materials that are designated by a non-party as confidential in accordance with the terms
17 and conditions of this Protective Order regardless of whether the non-party is or
18 becomes a signatory to this Protective Order.
19 **5.**    **Resolution of Disputes Regarding Designated Confidential Information**
20     a.    A party shall not be obligated to challenge the propriety of a confidential
21 designation and a failure to do so shall not preclude a subsequent challenge of the
22 propriety of such designation.
23     b.    If any party disputes the designation of designated confidential
24 information, such party shall so inform the designating party by written notice, and the
25 parties shall meet and confer in a good faith effort to resolve the dispute.
26     c.    If the parties are unable to resolve a dispute regarding designated
27 confidential information, the party disputing the designation may request appropriate
28 relief from the Court **in accordance with the provisions of L.R. 37-1 through 37-4**.

The burden of establishing that information has been properly designated confidential information is on the party making such designation. The challenged designation shall remain in effect unless and until amended by order of the Court or agreement of the designating party.

      d.    If a party elects to challenge any designation of confidentiality of any material or information pursuant to this Protective Order, said party shall provide the designating party with ten (10) days advance written notice and afford the designating party an opportunity to voluntarily remove such designation. Should the designating party not voluntarily remove such designation within seven (7) days of the receipt of such notice, the designating party may then, **pursuant to the provisions of Local Rules 37-2 through 37-4**, file a written motion with the Court for an order determining confidentiality, accompanied by one copy of each document, response, or other portion of transcript challenged. The motion and accompanying materials shall be **submitted for filing** under seal as provided herein, and the confidentiality of such materials or information shall remain protected until the Court shall order otherwise.

**6.**    **Access to Designated Confidential Information**

      a.    Absent written permission from the producer or further order by the Court, the recipient may not disclose designated confidential information marked as CONFIDENTIAL to any person other than the following persons:

          i.    The parties' in-house counsel, officers, and employees directly involved in this case whose access to the information is reasonably required to supervise, manage, or participate in this case;

          ii.    Those persons to whom designated confidential information identified as "HIGHLY CONFIDENTIAL" may be disclosed.

      b.    Absent written permission from the producer or further order by the Court, the recipient may not disclose designated confidential information marked as HIGHLY CONFIDENTIAL to any person other than the following persons:

          i.    The Court and court personnel.

      ii.    Court reporters taking testimony in this action and their necessary stenographic, videographic, and clerical personnel.

      iii.    The parties' outside counsel of record in this litigation (including their law firms and full time personnel thereof) who have direct functional responsibility for assisting with the preparation and trial of this action or any appeal herein.

      iv.    The parties' insurers disclosed in Rule 26 disclosures or otherwise in writing to counsel of record in this case and those insurers' personnel whose access to the information is reasonably required to supervise, manage, or participate in this case;

      v.    Members of organizations retained by the outside attorneys of record to provide litigation support services in this action. Such persons shall be informed of the confidentiality of documents and information under this Protective Order and agree to comply with the terms of this Protective Order.

      vi.    Subject to the provisions of paragraph 6(c), 6(d), and 6(e) of this Protective Order, independent experts and independent consultants (collectively, "experts") retained in this action by the outside attorneys of record.

      vii.    Persons testifying or preparing to testify in depositions or court proceedings to the extent the "CONFIDENTIAL" document or information was authored by, addressed to, or received by the person or party testifying.

      viii.    Employees of outside copying, document imaging and facsimile services.

      ix.    Such other persons as hereafter may be designated by prior written agreement of the Parties in this action or by order of the Court.

    c.    For purposes of this Order, an Expert or Consultant is a person: (i) who is neither an employee, director, officer, consultant, or business associate of a party nor anticipated to become an employee, director, officer, consultant, or business associate of a party in the near future; (ii) who is not regularly employed or retained by a competitor

8

of a party; (iii) who does not currently have any consulting arrangement with a competitor of a party; (iv) who does not have any direct economic relationship with a party, except as set forth in subpart (v) of this paragraph; and (v) who is retained or employed as a bona fide consultant or expert for purposes of providing advice or testimony in connection with this litigation, whether full- or part-time, by or at the direction of counsel of record for a party.

  d. Experts and Consultants may have access to designated confidential information marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" produced by any Producing Person provided that:

   i. such Expert or Consultant simultaneously meets each of the requirements of Paragraphs 6(c)(i) — (v), inclusive; and

   ii. such Expert or Consultant agrees to treat such Designated Material in accordance with the terms of this Order;

   iii. counsel of record obtains from such Expert or Consultant a copy of a completed, signed Declaration in the form attached hereto as Exhibit A prior to disclosing any Designated Material of another party to such Expert or Consultant, and maintains such completed, signed Declaration until the termination of this action.

  e. Upon the termination of this Action, counsel of record, shall produce copies of all signed Declarations to verify that the disclosure of designated confidential information was properly limited to qualified experts and consultants in accordance with paragraphs 6(c) and 6(d), and will further verify that all documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and provided to such experts are destroyed or otherwise disposed of in accordance with paragraph 11 of this Protective Order.

  f. Notwithstanding paragraph 6(a) and 6(b), a party may disclose Confidential or Highly Confidential information to: (i) any employee or author of the producer; (ii) any person, no longer affiliated with the producer, who authored the information in

1 whole or in part; and (iii) any person who received the information before this case was
2 filed.

3     g.     A party who wishes to disclose Confidential or Highly Confidential
4 information to a person not authorized under paragraph 6(a) or 6(b) must first make a
5 reasonable attempt to obtain the producer's permission. If the party is unable to obtain
6 permission, it may move the Court to obtain permission **in accordance with the**
7 **provisions of L.R. 37-1 through 37-4**.

8     h.     This Order shall not prevent any Producing Person from disclosing or
9 consenting to disclosure by others of a Producing Person's own Designated Material as
10 it deems appropriate. A Producing Person's disclosure to a third party of the Producing
11 Person's own Designated Material shall not affect in any way the obligations of persons
12 receiving Designated Material pursuant to this Order, provided that the third parties are
13 required to maintain the confidentiality of the Designated Material in a manner
14 consistent with the terms of this Order.

15     i.     Nothing in this Order shall be deemed a waiver of any provisions or
16 protections of Federal Rules of Civil Procedure 26(a)(2), 26(b)(3), 26(b)(4) or 26(b)(5).

17 **7.     <u>Use of Designated Confidential Information in Depositions or at Hearing</u>**

18     a.     A designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -
19 ATTORNEYS' EYES ONLY" may be made at the beginning of or during the
20 deposition by identifying the type of designation on the record. During the course of
21 any deposition, upon any inquiry with regard to the content of a document marked
22 CONFIDENTIAL or HIGHLY CONFIDENTIAL, or when counsel for a person (party
23 or non-party) deems in good faith that the answer to a question may result in the
24 disclosure of designated confidential information, counsel for the person whose
25 information is involved, at his or her option, in lieu of taking other steps available in
26 such situation, may direct that the transcription of the questions and answers be marked
27 as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Counsel for the person whose
28 Confidential or Highly Confidential information is involved may also request that all

persons other than the reporter, counsel, and individuals otherwise authorized under this Protective Order leave the deposition room during the confidential portion of the deposition.

    b.    At the deposition of a third party, such third party may be shown any document or other material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, provided that: (i) the third party authored, created, received, or knows of the document or other material; (ii) per the agreement of the parties, the third party **agrees to be** made subject to this Order by executing the Declaration attached hereto as Exhibit A **or a comparable version thereof**; or (iii) counsel at the deposition agree **on the record or in writing**.

    c.    Any person may prepare for, or be examined as a witness at, a deposition, hearing, or trial, with Designated Material that such person had lawfully received or authored prior to and apart from this action, or is otherwise authorized to receive under the terms of this Order.

    d.    All deposition testimony and transcripts, rough or final, shall be treated as "HIGHLY CONFIDENTIAL" for a period of thirty (30) calendar days from the date on which the court reporter first transmits a final transcript to any Producing Person or Party.  During the 30-day (or other agreed) period by written notice to all counsel, the Producing Person or Party may indicate by specific reference the testimony to be designated confidential and the type of designation, following which all copies of a transcript containing deposition testimony so designated shall be marked and treated accordingly.  Thereafter, unless otherwise agreed by the parties or designated by a Producing Person or Party as CONFIDENTIAL or HIGHLY CONFIDENNTIAL within those thirty (30) days, such testimony and transcripts shall be treated only as Discovery Material under the provisions of paragraph 1 of this Order.

**8.**    **<u>Designated Confidential Information Submitted for Filing Under Seal</u>**

    a.    The parties shall file all confidential materials and briefs and other papers referencing confidential information with the Court in accordance with all local rules.

Confidential materials and briefs and other papers referencing confidential information shall be filed **submitted for filing** under seal **in accordance with** L.R. 79-5.1. The parties shall serve the opposing counsel via hand delivery or email complete copies of materials that it proposes to file in redacted or sealed form. Such documents shall be provided to the Court, along with the courtesy copy of the motion for leave **to file under seal**, for in camera review to permit the Court to determine whether to permit the filing of the restricted documents **under seal**.

      b.    Upon entry of an appropriate court order, counsel may file documents as restricted in accordance with all local rules. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing confidential information shall be **submitted for filing under seal in accordance with L.R. 79-5.1**. The producing party shall maintain the original documents intact for any further review. Where appropriate, copy of a pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall also be electronically filed with the Clerk of the Court for the record.

      c.    It is the Producing Person's burden to establish to the Court's satisfaction that a document containing designated confidential information should be filed as a restricted document. If the Court denies the motion for leave to file a document under seal, the party seeking to file such document may do so, notwithstanding the restrictions of this protective Order, provided that the Producing Party was given notice of the documents to be **submitted for filing** under seal pursuant to a properly filed motion for leave to file restricted documents.

      d.    Should a party fail to properly **submit** a document or pleading with designated confidential information **for filing** under seal as required under this Protective Order, any party who in good faith believes that filing under seal was required may request that the filing party correct the filing so that such documents are

1 **requested to be** placed under seal. In the event that the parties are unable to agree on
2 the filing of a document or pleading under seal, a party may seek leave of court to seal
3 such documents or pleadings.
4       e.      Nothing in this Order precludes a party from seeking leave of court to
5 **conduct** a particular Court hearing or judicial proceeding **[]** in camera or otherwise
6 outside the presence of persons who are not Qualified Persons under this Protective
7 Order, and **to designate** any transcript relating thereto **[]** as confidential.
8 **9.      <u>Inadvertent Disclosure of Privileged Materials</u>**
9       Federal Rules of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502
10 shall govern any inadvertent production of privileged materials. The receiving party
11 shall, within ten (10) business days of the discovery of the inadvertent production, give
12 written notice of such claim to the receiving party or parties and request that the
13 discovery material, and all copies thereof be returned to the Producing Person or
14 destroyed. Upon notice that a document or item containing privileged information has
15 been produced, the producing party shall promptly notify the receiving parties of the
16 claim of privilege and the basis for it. Within ten (10) business days after receipt of a
17 notice that a document or item containing privileged information has been produced, the
18 receiving party shall return, sequester or destroy the document or item, and all copies
19 thereof, until the claim has been resolved, even if the party disputes the underlying
20 privilege. To the extent that the information contained in the document or item has
21 already been used or described in other documents generated or maintained by a
22 receiving party, the receiving party shall take steps promptly to retrieve and sequester
23 such documents until the privilege claim has been resolved. If a receiving party
24 disclosed the information before being notified of its inadvertent production, the
25 receiving party shall take reasonable steps to retrieve that information until the privilege
26 claim has been resolved. A party's return of allegedly privileged materials is without
27 prejudice to its right to seek a judicial determination of that privilege claim.
28

## 10. Disclosure of Documents Pursuant to Law, Regulation, Order or Rule

A party in receipt of documents or information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL who is requested or required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, (a) shall notify the person or entity who originally disclosed/produced the designated confidential information in writing within ten (10) business days prior to any applicable deadline under any Federal rule or regulation or thirty (30) days after the party's receipt of the request, whichever is earlier, and (b) if the person or entity who originally disclosed/produced the information objects to the production of such documents or information, provide a written response to the subpoena or other process containing a statement to that effect. The original disclosing/producing person or entity shall promptly notify the party requested to make disclosure of the intentions of the original disclosing/producing party with respect to the requested disclosure. Further, the original disclosing/producing person or entity shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena or other process shall be entitled to comply with it except to the extent the original disclosing/producing person or entity is successful in obtaining an order modifying or quashing it. Nothing set forth herein shall be deemed or construed to require any party to violate any subpoena, governmental or court order, or any applicable law.

## 11. Termination of Litigation

Within ninety (90) days of the final disposition of this action, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys of record:

a.  shall destroy or return to the disclosing party, or its attorney of record, all documents designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in their possession, custody, or control or in the possession, custody or control of their staff;

b.  shall insure that all designated confidential information in the possession, custody, or control of their experts is destroyed or returned to the disclosing party or person, or its attorney of record; and

1  c. shall consent to the Court's destruction of designated confidential
2 information, and if the Court is not willing to destroy such designated confidential
3 information, then **request to** withdraw from the Court all designated confidential
4 information filed, lodged, or otherwise delivered to the Court under seal pursuant to this
5 Protective Order.
6  d. Notwithstanding any of the foregoing, outside litigation counsel for the
7 parties may retain copies of the following documents that may contain or reference
8 designated confidential information: transcripts and exhibits from depositions, court
9 hearing transcripts and/or trial transcripts, pleadings or exhibits filed with the Court,
10 declarations, affidavits, memoranda, and or correspondence.
11  e. If designated confidential information is destroyed pursuant to **[]**
12 paragraph**s** 11**a or 11b** of the Protective Order, the person destroying such material shall
13 certify in writing to the Producing Person that such destruction has taken place.

**12. Violation of This Protective Order**

If anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and if the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense to the requested injunction any claim that the aggrieved party possesses an adequate remedy at law. **However, nothing in this Order relieves the parties of their obligation to proceed in accordance with the governing law and local rules (e.g., to establish adequate cause for proceeding on an expedited basis).**

**13. Binding Nature of Protective Order**

 a. This Protective Order shall be binding on the parties upon execution by counsel **of the accompanying stipulation**, regardless of whether or when the Court enters the Protective Order, provided however that if the Court revises the Protective Order, then the Court's version will control.

1  b. The confidentiality obligations of this Order shall not apply, or shall cease
2 to apply, to any information that:
3  i. at the time of disclosure hereunder, was already in the public
4  domain;
5  ii. since the time of disclosure hereunder, has become, through no act or
6  failure to act by the receiving party, part of the public domain; or
7  iii. after disclosure hereunder, was acquired by the receiving party from
8  a third party lawfully possessing the same and having no obligation to the
9  Producing Person hereunder, independently of, and without reference to,
10  production by the Producing Person.

**14. Enforcement of This Protective Order**

This Protective Order shall survive the final conclusion of the action and the Court shall have jurisdiction to enforce this Order beyond the conclusion of this action.

**15. Modification of This Protective Order**

If a party seeks a court order that in any way seeks to vary the terms of this Protective Order, that party shall make such request in the form of a written stipulation, or noticed motion to the other party that must be served and filed in accordance with local court rules.

This order applies *nunc pro tunc* July 19, 2011 and all portions and materials previously designated as "CONFIDENTIAL" during the July 19, 2011 deposition of John Sirridge are hereby deemed designated "HIGHLY CONFIDENTIAL."

IT IS SO ORDERED.

Dated: August 10, 2012          By Jacqueline Chooljian /s/
                                      United States Magistrate Judge

16

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIM LAUBE & COMPANY, INC., a California corporation; and KIM LAUBE, an individual, | Case No. 2:09-cv-00914 JAK (JCx) |
| | **DECLARATION** |
| Plaintiffs, | [PROTECTIVE ORDER] |
| v. | |
| WAHL CLIPPER CORPORATION, an Illinois corporation, DOES 1-10, Inclusive, | |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |
| WAHL CLIPPER CORPORATION, an Illinois corporation, | Case No. 2:12-cv-00106 JAK (JCx) |
| Counter-Plaintiff, | |
| v. | |
| KIM LAUBE, an individual; and JACQUELINE LAUBE, an individual, | |
| Counter-Defendants. | |

I, _____, declare as follows:

1. I have been retained by _____ as an expert or consultant in connection with the above captioned litigation. I will be receiving Confidential and/or Highly Confidential information that is covered by the attached Protective Order, dated August 10, 2012. I have read the Protective Order entered in this matter and understand that the Confidential and Highly Confidential information is provided pursuant to the terms and conditions in that order.

2. I agree to be bound by the terms of the Court's Protective Order in all respects. I agree to use the Confidential and Highly Confidential information solely for the purposes of this case. I understand that neither the Confidential and Highly Confidential information nor any notes concerning that information may be disclosed to anyone that is not bound and authorized to receive the same by the Court's protective order, unless otherwise ordered. I agree to return the Confidential and Highly Confidential information and any notes concerning that information to counsel for _____ or to destroy the information and any notes at one of their attorney's request.

3. I understand that unauthorized disclosure of documents and information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may constitute contempt of court.

4. I consent to the exercise of personal jurisdiction by the United States District Court for the Central District of California for the purposes of enforcing the Protective Order, including without limitation any contempt of court proceedings.

5. I affirm that (circle one): Except in connection with the above captioned litigation: [I am] [I am not] otherwise employed in any capacity by any of the parties (including their affiliates, predecessors-in-interest, or successors-in-interest) or their respective counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____
                                 Signature

                                 _____
                                 Name