**Daniel J Kessler, Esq.**
Burkhalter Kessler Clement & George LLP
2020 Main Street Suite 600
Irvine, CA 92614
T: 949-975-7500
F: 949-975-7501
Email: dkessler@bkcglaw.com

Kent A. Rowald, Esq. *admitted Pro Hac Vice*
**LAW OFFICES OF KENT A. ROWALD, P.C.**
20333 State Hwy 249, Suite 200
Houston, Texas 77070
Telephone: (281) 516-3844
Facsimile: (281) 516-3845
Email: KRowald@PatentLawyers.com

Attorneys for Plaintiffs
KIM LAUBE & COMPANY, INC.
and KIM LAUBE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| KIM LAUBE & COMPANY, INC., a California corporation; KIM LAUBE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WAHL CLIPPER CORPORATION, an Illinois Corporation; and DOES 1 to 10, Inclusive,<br><br>Defendants. | Case No. CV09-914 JAK(JC)<br><br>**RESPONSE TO WAHL'S MOTION IN LIMINE NO. 9 TO EXCLUDE THE OPINIONS AND TESTIMONY OF PLAINTIFF'S EXPERT CHARLES J. HART**<br><br>Date: March 4, 2013<br>Time: 3:00 p.m.<br>Place: Roybal, 750 - 7th Floor<br>Judge: Hon. John A. Kronstadt<br><br>Pretrial Conference: March 4, 2013<br>Trial: March 12, 2013<br><br>-Jury Trial Demanded- |
|---|---|

    COMES NOW, Plaintiffs KIM LAUBE & COMPANY, INC. and KIM LAUBE (hereinafter collectively referred to as "Laube" unless otherwise identified) and submits this response to Wahl's Motion in Limine No. 9 to Exclude Plaintiff's Expert Charles J. Hart and would show as follows:

Defendant's attack on Mr. Hart's report is typical of the way Wahl has approached the damages issue in this case from the very beginning.  It is undisputed that, at the time of his initial report, Mr. Hart set forth a complete statement of the topics on which he would form an opinion and the bases and reasons therefore, along with a note that he had not yet at that time "received sufficient discovery from the defendant that would enable me to further analyze the potential damages in this dispute.  You have indicated to me that no such information has been produced to you as of this date.  Therefore, I am unable to complete any report at this time analyzing the potential damages…Therefore, I will only be able to outline herein the steps which I may take when such information becomes available."  Simply put, because Defendant repeatedly delayed production of their financial documents, finally producing them only after the deadline for expert reports, the analysis could not be done in the initial report.  Once Defendant finally produced the long promised, late and incomplete document production, on November 5, two days after Mr. Hart rendered his initial report, Mr. Hart analyzed the documents and prepared his supplemental report, dated November 16, 2012.

Thereafter, Mr. Hart candidly acknowledged that he would, if presented with differing facts from his understanding, amend and modify his opinion.  That is NOT a reason to exclude Mr. Hart's expert opinion. Rather, it is reason to believe that his opinion is studied and competent!

Notably, Defendants challenge here is very similar to the challenge to the financial expert in *David E. Watson, P.C., v. United States*, 2012 WL 539784, No. 11-1589 (8th Circuit, Feb. 21, 2012).  In that case, after discovering errors in his initial assessment and learning additional facts, the expert eventually revised his report and arrived at his final estimate. The district court noted that an expert's revision of his opinion does not render his testimony incompetent. Moreover, updating his expert report is proper.  The expert is entitled to continue to consider

any evidence he may be able to obtain and revise his opinion. That is what happened here.

As the appellate court expressly found, "The district court made a specific finding on this point and found [the expert] competent." The 8th circuit went on to state that "[Defendant] fails to cite any authority supporting its contention that [the expert]'s revised opinion rendered his testimony incompetent. In fact, it appears [the expert] properly updated his expert report, giving [defendant] ample notice of his revised opinions. … Under these circumstances, we see no reason why [the expert]'s revised opinion would be incompetent." *Id*.

Wahl delayed production of its financial information, then modified its answers to discovery, and promised production and delayed further, finally providing incomplete financial discovery after the initial expert report was finalized. When he was presented with new facts, he modified his opinion to reflect those facts. Mr. Hart's revision of his opinion based on learning new facts do not render his testimony incompetent. Rather, Mr. Hart's revisions reflect his well reasoned and careful opinion. That defendant disagrees with the conclusion does not change that. Moreover, that defendant's expert arrives at different numbers based on his differing analysis is also not surprising. They are competing opinions, nothing more, nothing less. Yet both may be competent, even if one or both are not ultimately accepted by the jury.

WHEREFORE, Plaintiffs pray that Wahl's Motion in Limine # 9 relating to the expert opinion of Charles Hart be in all things DENIED.

///
///
///
///
///

1
2  Dated: February 11, 2013          KENT A. ROWALD, P.C.
3
4
                                By:   /s/ Kent A. Rowald /s/        .
5                                     Kent A. Rowald
6                                     Attorney for Plaintiffs
                                      KIM LAUBE & COMPANY, INC.
7                                     and KIM LAUBE

8              **DECLARATION OF ELECTRONIC SERVICE**

9          **Central District of California Case No. CV09-914 JAK(JC)**

10         Service of the attached document was completed pursuant to Central District
11  of California, Order Authorizing Electronic Filing, General Order No. 08-02,
12  Section VII.A., which provides in part: "Upon the electronic filing of a document, a
13  NEF is automatically generated by the CM/ECF system and sent by e-mail to all
14  attorneys in the case who are registered CM/ECF Users and have consented to
15  electronic service. Service of an electronically filed document upon a CM/ECF
16  User who has consented to electronic service is deemed complete upon the
17  transmission of the NEF."

18         I declare under penalty of perjury under the laws of the United States of
19  America that the above is true and correct.

20         Executed on February 11, 2013, at Houston, Texas.

21
                                      By: /s/ Kent A. Rowald
22                                        Kent A. Rowald