**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV09-00914 JAK (JCx) | Date | April 8, 2013 |
| Title | Kim Laube & Company, Inc. et al. v. Wahl Clipper Corporation, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Alex Joko |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Kent A. Rowald | Levi W. Heath<br>Joan Long<br>Mark Hagedorn |

**Proceedings:**      **FINAL PRETRIAL CONFERENCE;**

**PLAINTIFF'S MOTIONS IN LIMINE (DKT. 240);**

**DEFENDANT'S MOTIONS IN LIMINE (DKT. 236-239, 241-244, 246)**

The final pretrial conference and motion hearing are held. The Court estimates the jury trial at 4 days and explains how it will conduct voir dire and the trial, including the hours it will be in session. The Court is inclined to bifurcate the inequitable conduct claims so that they are tried separately from the non-patent claims. However, to the extent the same testimony of a witness will provide evidence as to both the jury and non-jury claims, the Court will receive that evidence as to the later Court trial at the time that it is presented during the jury trial. If the Court's schedule permits, the trials will proceed consecutively, i.e., the court trial will follow the jury trial.

The Court confers with counsel regarding the following pretrial matters:

1. Joint Statement of the Case. Dkt. 320.
   The Court confers with counsel, who agree to have the Court read a joint statement of the case in lieu of each giving a 3-4 minute mini-case opening statement. The Court reminds counsel that the Joint Statement is not argument and will amend the parties' proposed statement to reflect a general statement of the case.

2. Proposed Voir Dire Questions. Dkt. 327, 329.
   The Court has reviewed the parties' voir dire questions and is inclined to use and/or modify most of the questions proposed by counsel. However, the Court explains that, once a significant number of prospective jurors have been asked the voir dire questions, the Court may summarize questions and combine them as to later prospective jurors to the extent that the Court is satisfied that such prospective juror have paid attention during the earlier voir dire and are able to respond accurately to the combined questions.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV09-00914 JAK (JCx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Kim Laube & Company, Inc. et al. v. Wahl Clipper Corporation, et al. | | |

3. <u>Jury Instructions</u>. Dkt. 323.
   The Court has reviewed the parties' proposed jury instructions and redline and will provide counsel with an amended set of instructions prior to the April 23, 2013 trial.

4. <u>Verdict Form</u>. Dkt. 324.
   The Court has reviewed the parties' proposed verdict form and redline and will provide counsel with an amended verdict form prior to the April 23, 2013 trial.

5. <u>Exhibits</u>. Dkt. 326, 332.
   Counsel shall meet and confer by April 12, 2013, in an effort to reach an agreement as to the admissibility of the disputed exhibits. Counsel shall submit to the Court, the disputed exhibits in a binder by April 15, 2013 and file a "Notice of Disputed Exhibits" by April 16, 2013, which shall set forth the disputed exhibit(s) organized in a chart according to topic and the basis for the objection.

6. <u>Plaintiff's Motions in Limine</u>. Dkt. 240.
   No. 1: Re Any Testimony or Evidence Relating to Any Contention by Wahl that Wahl Reverse Engineered Laube's Circuitry - In light of the Court's ruling on the parties' summary judgment motions, the Motion is MOOT.

   No. 2: Re Any Testimony or Evidence Relating to Patent Office Procedure by Any Witness that is Not Qualified to Offer Expert Testimony as to Patent Law of Patent Office Procedure – The motion is MOOT because the evidence would be presented at the bench trial, at which time the Court will rule on any objections.

   No. 3: Re Any Testimony Relating to Disputes with FURminator or Any Bankruptcy Proceedings – The Court states its tentative views and is inclined to grant the motion under Rule 403. That Plaintiff entered a bankruptcy process is evidence that will likely be prejudicial; the claimed relevance of the evidence is outweighed by this prejudice. Counsel address the Court as to why its relevance is not outweighed by its prejudicial effect. The Court adheres to its tentative views and GRANTS the Motion as to the bankruptcy; provided, however, that it will consider whether to permit evidence in response to Plaintiff's damages evidence that a decline in the Plaintiff's sales at a particular time was the result of the bankruptcy proceeding. The Court raises questions with respect to the basis upon which Defendant's expert witness claims expertise on the correlation between the existence of a bankruptcy proceeding and a decline in sales. If the Court is persuaded that Defendant's expert has the education and expertise necessary to formulate such an opinion, and if the Court is persuaded to permit such testimony, the Court would instruct the jury that the opinion is offered for a limited purpose: The effect on sales only and that Plaintiff's prior bankruptcy should not otherwise be considered in evaluating the evidence in the case.

   No. 4: Re Witnesses Not Identified in Defendants' Initial Disclosures and Documents or Items Not Produced by Defendants in Response to Plaintiffs' Written Discovery Requests – The Court states its tentative views and GRANTS the Motion, which is the same as Defendants' Motion in Limine No. 2.

   No. 5: Re Any Testimony or Evidence Relating to Any Analog Circuitry - In light of the Court's ruling on the parties' summary judgment motions, the Motion is MOOT.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV09-00914 JAK (JCx) | Date | April 8, 2013 |
|---|---|---|---|
| Title | Kim Laube & Company, Inc. et al. v. Wahl Clipper Corporation, et al. | | |

7. <u>Defendants' Motions in Limine</u>.
   No. 1: to Exclude Evidence of Financial Condition and Relative Wealth of the Parties (Dkt. 236) – The Court states its tentative views and GRANTS the Motion.

   No. 2: to Exclude Witnesses and Evidence Not Disclosed in Discovery (Dkt. 237) – The Court states its tentative views and GRANTS the Motion.

   No. 3: to Exclude All Evidence of Prior Unrelated Action Involving Defendant and Commentary Thereon (Dkt. 238) - The Court states its tentative views and GRANTS the Motion.

   No. 4: to Exclude Letter from Mark Wahl to Jack Wahl, Marked as Exhibit 12 at the Deposition of Lawrence Perry (Dkt. 239) – The Court states its tentative views, which include that the letter, if authenticated and if shown to be an exception to the hearsay rule, would not be admitted under Rule 403. It is from a long time ago, and addresses many matters not relevant to the trial issues. Counsel address the Court regarding authenticity, hearsay and Rule 403. Plaintiff seeks to admit paragraphs 6, 11 and 13 of the letter, which are identified in response to the Court's question as to what specific paragraphs Plaintiff contends are relevant to the trial issues. The Court takes the Motion UNDER SUBMISSION and will issue its final ruling prior to the April 23, 2013 trial.

   No. 5: to Exclude All Evidence of and Commentary on Prior Unrelated Litigation Involving Plaintiff Kim Laube and Defendant (Dkt. 241) – The Court states its tentative views and DENIES IN PART the Motion. Evidence will be permitted that there was a prior dispute between the parties that was resolved and that resulted in certain written agreements. There will not be evidence as to the details of the prior litigation. Thus, there will not be a trial within a trial. Instead, the evidence allowed will be neutral as to the prior dispute.

   No. 6: to Exclude All Evidence of and Commentary on Statements Made by Defendant's Employees Regarding Non-Party Competitors (Dkt. 242) – The Court states its tentative views and DENIES the Motion to the extent that evidence is proffered as to statements by Defendant's employees that are sufficiently close in time to the operative events to be addressed at trial.

   No. 7: to Exclude the Alleged Drawing (KLC000442) and All References Thereto (Dkt. 243) – The Court states its tentative views and DENIES the Motion as it goes to the weight and not the admissibility of the drawing. Defendants are permitted to present evidence of the timing of the production of the document as well as testimony as, or related, to the document.

   No. 8: to Exclude Newly Disclosed Liability Theories (Dkt. 244) - In light of the Court's ruling on the parties' summary judgment motions, the Motion is MOOT.

   No. 9: to Exclude the Opinions and Testimony of Plaintiffs' Expert Charles J. Hart (Dkt. 246) - The Court states its tentative views and DENIES the Motion. Mr. Hart was deposed and rendered his opinions timely. To the extent that Mr. Hart seeks to present an opinion that was not disclosed in response to a proper question at his deposition, such opinion will be excluded; provided, however, if the door is opened on his cross-examination as to a claimed deficiency in his analysis, on re-direct providing information that was not given in response to a question at his deposition, e.g.,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV09-00914 JAK (JCx) | Date | April 8, 2013 |
| Title | Kim Laube & Company, Inc. et al. v. Wahl Clipper Corporation, et al. | | |

whether he considered a particular type of evidence or analysis, may be permitted. The Court will consider that issue in the context of the trial testimony.

The Court sets a Status Conference re Exhibits for April 18, 2013 at 1:30 p.m. Counsel shall be prepared to discuss the issue of the bankruptcy expert at that time and whether the parties' wish to have the bench trial proceed immediately after the jury trial concludes, or whether it should be set for a later date. Additionally, the Court will bifurcate the punitive damages issue during the jury trial.

Counsel confer with the Court regarding the discrepancy in the Final Pretrial Order (Dkt. 331) on p. 7 where it references Claim 3 and attorney's fees. Counsel shall file a stipulation and proposed order with the corrected language by April 12, 2013.

The Court confers with counsel regarding whether another settlement session with Magistrate Judge Jacqueline Chooljian or another neutral would be productive. The parties do not believe another session would be productive but will contact the Court's Clerk if they later determine otherwise.

**IT IS SO ORDERED.**

|  | 1 | : | 22 |
|---|---|---|---|
| Initials of Preparer | ak | | |