**Daniel J Kessler, Esq.**
Burkhalter Kessler Clement & George LLP
2020 Main Street Suite 600
Irvine, CA 92614
T: 949-975-7500
F: 949-975-7501
Email: dkessler@bkcglaw.com

Kent A. Rowald, Esq. *admitted Pro Hac Vice*
**LAW OFFICES OF KENT A. ROWALD, P.C.**
20333 State Hwy 249, Suite 200
Houston, Texas 77070
Telephone: (281) 516-3844
Facsimile: (281) 516-3845
Email: KRowald@PatentLawyers.com

Attorneys for Plaintiffs
KIM LAUBE & COMPANY, INC.
and KIM LAUBE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIM LAUBE & COMPANY, INC., a California corporation; KIM LAUBE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WAHL CLIPPER CORPORATION, an Illinois Corporation; and DOES 1 to 10, Inclusive,<br><br>Wahl. | Case No. CV09-914 JAK(JC)<br><br>**PLAINTIFFS' REPLY TO OPPOSITION TO REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES (DKT. 488)** |

COMES NOW, Plaintiffs KIM LAUBE & COMPANY, INC. and KIM LAUBE (hereinafter collectively referred to as "Laube" unless otherwise identified) and submit this Reply to Wahl Clipper Corporation's Opposition (Dkt 488) to Request for Extension of Time to File Response and Opposition to Wahl's Motion For Attorney's Fees, Costs and Expenses (Dkt 481) (Dkt 484) and would show as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### I.   Wahl's Opposition Is Clearly Lodged In Bad Faith

### a. This Court Ordered that Laube File the Request for Extension of Time.

On January 24, 2014, this Court entered an Order directing a response to the Motion for Attorney's fees (which had been filed during the time that this Court's Stay was apparently still in effect) and directing Plaintiffs to seek an extension of time, both to be filed by January 28, 2014.  (Dkt. 483).

Plaintiffs complied with that Order by filing a Request for Extension of Time (Dkt 484)  and the Opposition to the Motion (Dkl 485).   In the Request for Extension of Time, Plaintiffs set forth their good faith belief why their Opposition was not yet due, much less late, and requested an extension of time to January 28 in the event that the Court disagreed with Plaintiffs' calculation of the due date.

### b.  Wahl's Opposition is Lodged in Bad Faith.

Defendant Wahl filed its opposition (Dkt 488) claiming that Plaintiffs failed to "comply with the Court's minimal requirements".  *Id,*pg. 1, line 16.

Wahl makes much of a purported "contradiction" between Plaintiffs' calculation of the deadlines in this case and its representation to the Federal Circuit that Wahl's motion for attorney's fees is "pending" and that this Court had set the motion for hearing.  Wahl is simply wrong.

### c.  There is no contradiction in Laube's Positions.

As noted in the Motion for Extension of time (Dkt 484), Laube believes that the Bankruptcy Court stay was in effect from November 21, 2013 to December 11, 2013 and, based upon the docket entries and orders in this case, that this Court's Stay was in effect from November 27, 2013 to January 24, 2014.  Despite Wahl's feigned misunderstanding, there is nothing contradictory between saying that the case was ***stayed*** and that the motion was ***pending***.  There is no dispute that Wahl

filed its motion and that it has not yet been striken.   As a result, the motion continues to be ***pending***.[1]

As Wahl's attorneys should know, given that it is a well established legal term, *pending* means "Begun, but not yet completed ; unsettled; undetermined; …, an action or suit is said to be "pending" from its inception until the rendition of final judgment. *Wentworth v. Farmington*, 48 N. H. 210; *Mauney v. Pemberton*, 75 N. C. 221; *Ex parte Munford*, 57 Mo. 603." Black's Law Dictionary, 2d. Ed.[2]

Additionally, as Wahl's attorneys should also know, given that it is a well established legal term, *stay* means "A stopping; the act of arresting a judicial proceeding, by the order of a court. *See In re Schwarz* (D. C.) 14 Fed. 7SS." Black's Law Dictionary, 2d. Ed.[3]

These basic legal terms are clearly NOT diametrically opposite. In this case, Laube accurately and correctly noted that the motion was pending, but the case was stayed.  Wahl's argument that Laube "advised the Federal Circuit that the Wahl TX Fee Motion was ***pending*** (not stayed)" (Dkt 488, pg. 2, l 23) is simply indicative of Wahl's contrived misunderstanding of these basic legal terms.  Wahl's attempt to bootstrap that contrivance into a bad faith argument then requires Wahl to ignore that Plaintiffs accurately and correctly noted that a hearing on the motion had been set and that they anticipate the Court will issue a decision "immediately" or soon after the hearing.  Wahl's failure to comprehend basic legal terminology does not render Laube's correct usage of that terminology and Laube's belief that the case

---

[1] Similarly, Laube's Ex Parte Application to Stay pending Appeal, or alternatively to Reduce Bond or Set Alternative Security (Dkt 469) and Motion to Alter Judgment (Dkt. 470) are still Pending, i.e., filed timely and not yet ruled upon. Dkt. 470 remains unopposed as well.

[2] See http://thelawdictionary.org/pending/

[3] See http://thelawdictionary.org/stay/

was stayed while the motion remained pending "bad faith".  To the contrary, Laube anticipated that the Court would lift the stay so that the hearing could be had and a decision rendered!

As noted in the Motion for Extension of Time, Laube does not believe that the opposition was due prior to the January 24, 2014 directive.   However, recognizing the Court's apparent disagreement or different analysis of the due date, Laube requested an extension of time from the date the Court believes the opposition was due to January 28, 2014. That Wahl's counsel is desperate to avoid having the Court address Wahl's complete failure to timely file its motion and thus filed the bad faith opposition with not a shred of evidence that the time calculations set forth are in good faith, even if erroneous, is clear.

Laube's Motion for Extension of Time (Dkt. 484) should be granted.

It is respectfully suggested that it is within the Court's inherent powers to sanction Wahl for its bad faith opposition to Laube's Motion and such sanction as the Court may deem appropriate is requested.

Dated:  <u>February 17, 2014</u>          KENT A. ROWALD, P.C.


                                        By:    <u>/s/ Kent A. Rowald /s/          </u>.
                                               Kent A. Rowald
                                               Attorney for Plaintiffs
                                               KIM LAUBE & COMPANY, INC.
                                               and KIM LAUBE

## DECLARATION OF ELECTRONIC SERVICE

## Central District of California Case No. CV09-914 JAK(JC)

Service of the attached document was completed pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-02, Section VII.A., which provides in part: "Upon the electronic filing of a document, a NEF is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered CM/ECF Users and have consented to electronic service. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the NEF."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 17, 2014, at Houston, Texas.

By: /s/ Kent A. Rowald
Kent A. Rowald