**Daniel J Kessler, Esq.**
Burkhalter Kessler Clement & George LLP
2020 Main Street Suite 600
Irvine, CA 92614
T: 949-975-7500
F: 949-975-7501
Email: dkessler@bkcglaw.com

Kent A. Rowald, Esq. *admitted Pro Hac Vice*
**LAW OFFICES OF KENT A. ROWALD, P.C.**
20333 State Hwy 249, Suite 200
Houston, Texas 77070
Telephone: (281) 516-3844
Facsimile: (281) 516-3845
Email: KRowald@PatentLawyers.com

Attorneys for Plaintiffs
KIM LAUBE & COMPANY, INC.
and KIM LAUBE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIM LAUBE & COMPANY, INC., a California corporation; KIM LAUBE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>WAHL CLIPPER CORPORATION, an Illinois Corporation; and DOES 1 to 10, Inclusive,<br><br>Wahl. | Case No. CV09-914 JAK(JC)<br><br>**PLAINTIFFS' SUR-REPLY AND OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS FEES, COSTS AND EXPENSES (DKT. 481)** |

COMES NOW, Plaintiffs KIM LAUBE & COMPANY, INC. and KIM LAUBE (hereinafter collectively referred to as "Laube" unless otherwise identified) and submit this Sur-Reply and Opposition to Wahl's Motion For Attorney's Fees, Costs and Expenses (Dkt 481) and would show as follows:

## I. The Stay Did NOT Prevent filing of the Motion

### A. Wahl's motion was not filed within the statutory time.

Wahl does not contest that its Motion for additional attorneys' fees was not filed within the statutory time. Instead, Wahl relies on Wahl's flawed understanding of what the automatic stay due to the filing of the bankruptcy action covered. In short, Wahl admits that the Motion was due on or before November 21, 2013 pursuant to FRCP Rule 54(d)(2)(B) and that Wahl did not file the Motion until December 12, 2013. Moveover, Wahl admits that the bankruptcy did not prevent the judgment from becoming final on November 7, 2013. Dkt 490, p. 2, l 3-4.

## II. Laube's Bankruptcy Did Not Prevent Timely Filing

Wahl seeks to have the fact that both Kim Laube and Kim Laube & Co, Inc. filed for bankruptcy somehow excused Wahl's untimely filing of the application for additional attorney's fees to be awarded. Despite its extensive research on the topic, and the fact that Wahl's time entries correctly reflect that the automatic stay does NOT apply to the claims at issue here, Wahl simply fails to address the basic "disaggregation" law regarding its claims, to wit:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. ... Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

*Parker v. Bain,* 68 F.3d 1131, 1137 (9th Cir.1995)**.**

Despite this clear black letter law, Wahl does not even suggest that its attorney's fees application arises from anything other than Laube's claims. Wahl knew but chose to ignore that:

> The automatic stay is applicable only to proceedings against the debtor. *See Parker,* 68 F.3d at 1136 ("`[S]ection 362 should be read to stay all appeals in proceedings that were originally brought 730*730 against the debtor ....'") (emphasis omitted) (alteration in original) (parallel citation omitted) (quoting *Ingersoll-Rand Fin. Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1426 (9th Cir.1987)). "This rule finds its source in the language of section 362, which extends the automatic stay to the *continuation,* as well as the *commencement,* of an action against the debtor." *Id.* (emphasis in the original).

*In re Miller*, 397 F. 3d 726, 729-30 (9th Cir. 2005).

Wahl makes much of Laube's citation of *In re Miller*. Dkt. 490, p. 3, l. 24-26.  But Wahl does NOT dispute that In *Miller*, the fee application was based upon the <u>creditor's</u> claims and was thus stayed while here Wahl's fee application is clearly based solely on <u>debtors'</u> claims, which are clearly <u>not</u> stayed.

Simply put, Wahl does not dispute that, when Wahl's counterclaims are disaggregated from Laube's claims (as they must be under prevailing jurisprudence), Wahl's counterclaims were stayed while Laube's claims were not.  Consequently, Wahl's reliance on the automatic stay in bankruptcy is clearly misplaced and improper.

### III. Even with no stay, Wahl's motion could not be filed timely without violating local rules.

Similarly, Wahl does NOT dispute that Wahl did not meet and confer in a timely fashion so that they could have met the deadline and followed the local meet and confer rules.  Wahl thus acknowledges that due to its own delay, Wahl could not comply with Local Rule 7-3 and meet the FRCP Rule 54(d)(2)(B) deadline.  Thus, even without the bankruptcy filing, Wahl's motion should be dismissed as untimely or as violating the timing rules in the Local Rules.

Clearly, on November 21, 2013, Wahl was not prevented from filing its motion for additional attorney's fees by the bankruptcy filing and Wahl could not have timely filed without violating the local rules.  Wahl simply missed its known

deadline and is trying to create confusion to avoid the consequences. Such gamesmanship should not prevail and the motion should be denied as untimely and as failing to meet the local rules.

### IV. Even If Considered, Wahl's Proffer Wholly Fails

Even if the Court does not dismiss the late fee application as it should, Wahl has in any event wholly failed to meet their burden to show that Laube acted in bad faith or pursued this action for any improper purpose.

As an initial matter, Wahl improperly relies upon Laube's settlement offers to impute bad faith and liability, the very underpinnings of Wahl's alleged "entitlement" to attorney's fees. While Laube's offers were based on the reports of their expert reports and Laube's good faith belief that Wahl was liable on each of the bases set forth in the complaint, they are clearly inadmissible to prove liability. F.R.E. Rule 408. And despite Wahl's claim that they are offered to show "bad faith" rather than "liability", they merely show that Laube in good faith pursued settlement of the action. Moreover, Wahl is clearly offering the settlement offers (without disclosing that Wahl demanded payment – a bad faith position in itself) to establish liability. As such, all of Wahl's citations and arguments regarding Laube's settlement posture should be striken and disregarded.

Wahl next reiterates its basic motion and ignores the remainder of Laube's Opposition (Dkt 481). Rather than reiterate that Opposition again, Laube notes that it is equally applicable to Wahl's Reply (Dkt 490) and relies upon it as if set forth herein verbatim.

On this record, it cannot be said that Laube brought meritless, groundless, or unreasonable claims against Wahl. See *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966 (9th Cir. 2007) (attorneys' fees not warranted because there was no "compelling proof" that vendor acted capriciously or pursued litigation to harass, or that vendor intended to bring meritless or unreasonable litigation). Where, as here,

a plaintiff sues under colorable, yet ultimately losing, arguments, an award of attorneys' fees to a prevailing defendant is entirely inappropriate. See *American Council of Certified Podiatric Physicians & Surgeons v. American Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606 (6th Cir. 1999). Plainly, the litigation brought by Laube is not based on controversial claims, and does not constitute an attempt to expand or extend the reach of existing authority. *Fetzer*, 381 F.3d at 490-91. Wahl fail to cite a single case where a court awarded a prevailing defendant attorneys' fees on analogous facts or circumstances.

## V. The Amount of Wahl's Claim Is Deficient in Proof

In addition to the proof problems that were set forth in Laube's Opposition (to which Laube refers the Court rather than reiterate here), the recent filings in the bankruptcy proceeding raise an <u>additional</u> issue of over claiming and abject disagreement between the declarations of Wahl's counsel. In this proceeding, Wahl's counsel, Ms. Long, swears that the bills that she has submitted to this court "are an accurate reflection of information on invoices submitted to and paid by Wahl." Dkt 482-12. However, in its initial disclosures, Wahl's counsel, Levi Heath, candidly acknowledged that, "Wahl has commercial and general liability insurance which covers some or all of the claims asserted against Wahl in this proceeding." Additionally, just two weeks ago in the bankruptcy proceeding, Wahl's counsel, Paul Laurin, admits and offers to swear that at least a portion of the fees submitted by Ms. Long were paid by Wahl's insurance carrier and are "subject to reduction in billing rate paid to a pre-set hourly rate cap." See Jan. 29, 2014 email, **Exhibit A** hereto. Despite hours of review, plaintiffs have not found anywhere that <u>any</u> reduction to the billing rate paid to a pre-set hourly rate cap ever got reflected in ANY of the billings submitted by Ms. Long or that they were paid by the insurance carrier on Wahl's behalf. These diametrically opposite admissions by Messrs. Heath and Laurin clearly shows that Ms. Long has, under oath, falsely

(a) stated that the fees claimed were actually billed to Wahl and (b) that they were paid by Wahl![1]

## VI. CONCLUSION

Wahl admits it wholly failed to meet its requisite deadline for applying for additional attorney's fees and that it has not sought an extension of its original deadline. Wahl has so clearly missed its deadline that the Court should not even entertain the motion, but dismiss it as untimely instead.

Additionally, Wahl admits that it has failed to comply with the local rules regarding timing of the early meeting of counsel and notice in the motion that the early meeting occurred. Thus the Court should also dismiss the application for additional fees based on Wahl's failure to comply with the local rules.

In the unlikely event that the Court considers the substance of the application, it is equally clear that Laube has not pursued a course that was groundless, unreasonable, vexatious, or in bad faith—this case is not exceptional in any way which would warrant the imposition of attorneys' fees under F.R.C.P. Rule 54, Local Rule 54-10 or Cal. Civil Code section 3426.4. Laube in good faith believed that Wahl stole his trade secrets and violated his patent rights and Wahl's contractual obligations. Laube revisited those beliefs throughout this case and acted when those beliefs changed, i.e., moving to dismiss the patent claims following the Markman decision and thereafter moving to have summary judgment entered against plaintiffs based on that decision.

As the Court noted in its post-trial motions, there was some evidence to support Laube's legal theories, even if described as "thin" or "minimal". There was clearly enough evidence to survive summary judgment on several claims as well as

---

[1] Notably, the prior motion for attorneys fees relating to the patent issues had the same false statements by Ms. Long, but the proof that they were false had not yet come to light.

a motion for directed verdict. Wahl's self-serving claim now that there was no evidence simply does not change that there was some evidence and that Laube acted in good faith in pursuing his claims.

Finally, the new evidence emanating from the bankruptcy proceeding clearly reflects that the fees claimed by Wahl are NOT what was actually billed and paid by Wahl (actually its insurance company), but are at least in part the full rates for time that was "subject to reduction in billing rate paid to a pre-set hourly rate cap." Wahl's proof is simply not consistent or reliable and thus cannot properly form the basis for the award of the fees requested.

Wahl's Motion for fees should be denied for each of these reasons.

Dated: February 17, 2014            KENT A. ROWALD, P.C.


                          By:   /s/ Kent A. Rowald /s/                .
                                Kent A. Rowald
                                Attorney for Plaintiffs
                                KIM LAUBE & COMPANY, INC.
                                and KIM LAUBE

## DECLARATION OF ELECTRONIC SERVICE
## Central District of California Case No. CV09-914 JAK(JC)

Service of the attached document was completed pursuant to Central District of California, Order Authorizing Electronic Filing, General Order No. 08-02, Section VII.A., which provides in part: "Upon the electronic filing of a document, a NEF is automatically generated by the CM/ECF system and sent by e-mail to all attorneys in the case who are registered CM/ECF Users and have consented to electronic service. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the NEF."

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 17, 2014, at Houston, Texas.

By: /s/ Kent A. Rowald
      Kent A. Rowald